**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 41, et al.**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Appellants.**

No. 84–5610.

United States Court of Appeals, District of Columbia Circuit.

April 26, 1985.

Before EDWARDS and GINSBURG, Circuit Judges, and McGOWAN, Senior Circuit Judge.

### JUDGMENT

The case was reviewed on the record on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. For the reasons stated by the district court in its June 22, 1984, decision reported at 593 F.Supp. 542 (D.D.C.1984), and in the accompanying memorandum, it is

ORDERED and ADJUDGED that the judgment from which this appeal has been taken is affirmed.

### MEMORANDUM

Our review of the record assures us that the district court, in balancing the competing privacy and disclosure interests, did not misapprehend the law or overlook a crucial policy concern. *Cf. Board of Trade v. Commodity Futures Trading Commission,* 627 F.2d 392, 400 (D.C.Cir.1980) (exemption 6 does not shield from disclosure names of Board of Trade members who have complained about Board, despite Board president's professed desire to question them). We therefore have no cause to override the decision made in the first instance. *See Mead Data Central, Inc. v. United States Department of the Air Force,* 566 F.2d 242, 251 n. 13 (D.C.Cir. 1977) (concerning exemption 5—district court's balancing should not be upset unless it is "either based on an error of law or a factual predicate which is clearly erroneous"); *Church of Scientology v. United States Department of the Army,* 611 F.2d 738, 742 (9th Cir.1979); *see also Heights Community Congress v. Veterans Admin-*

**436**

istration, 732 F.2d 526, 530 (6th Cir.) (court of appeals "constrained to conclude that the ultimate conclusion of the trial court was not clearly erroneous"), *cert. denied,* — U.S. ——, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984); *cf. Campbell v. United States Civil Service Commission,* 539 F.2d 58, 62 (10th Cir.1976) (finding no abuse of discretion).

■ We note, in addition, that it is a prime function of the Freedom of Information Act to enable the public to survey the operations of its government:

> One hopes, of course, that HHS's in-house review is rigorous enough to catch any abuses. But the purpose of FOIA is to permit the public to decide *for itself* whether government action is proper.... In light of that purpose, the public interest in disclosure is not diminished by the possibility or even the probability that HHS is doing its reviewing job right.

*Washington Post Co. v. United States Department of Health & Human Services,* 690 F.2d 252, 264 (D.C.Cir.1982); *see National Association of Atomic Veterans v. Director, Defense Nuclear Agency,* 583 F.Supp. 1483, 1487 (D.D.C.1984) ("Even if plaintiff's efforts do overlap the government's in full or in part, the Court agrees with [plaintiff] that public oversight of government operations provides a public benefit."). Nor does it appear that the requester could have obtained the desired information readily, if at all, by other means. *Cf. Getman v. NLRB,* 450 F.2d 670, 675 (D.C.Cir.1971).