**TAX ANALYSTS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

Civ. A. No. 85–1878.

United States District Court, District of Columbia.

July 31, 1986.

William A. Dobrovir, Washington, D.C., Thomas F. Field, Arlington, Va., for plaintiff.

Michael J. Kearns, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982). Upon careful consideration of the pleadings and the entire record herein, the Court concludes that defendant's motion for summary judgment should be granted and plaintiff's motion for summary judgment should be denied.

### Background

Plaintiff, Tax Analysts, is a non-profit charitable and educational organization which publishes a weekly magazine about legislative, judicial, and regulatory developments in the field of federal taxation. Plaintiff charges an annual fee of $595 to its subscribers and provides copies of documents it summarizes in return for costs. The magazine includes summaries of the most recent judicial opinions on tax issues; plaintiff supplies the full text of all such decisions to subscribers to its weekly microfiche data base. Plaintiff also provides on a daily basis full texts of all available court decisions in tax cases to major electronic data bases. Plaintiff states that it has been able effectively and reliably to obtain all relevant decisions handed down by the U.S. Supreme Court, U.S. Circuit Courts of Appeals, the U.S. Tax Court, and the U.S. Claims Court. However, plaintiff complains that it cannot assure its readers a timely or comprehensive reporting of U.S. District Courts' decisions. Plaintiff states that the process of obtaining these decisions is difficult, unreliable, and time consuming in that the decisions must be requested from either the Department of Justice attorney assigned to the case or from the taxpayer's counsel, if known, or more likely by request to a district court clerk, who, plaintiff complains, may not respond timely or at all. Plaintiff must send advance payment for photocopying and then wait for the decision to arrive by mail.

Defendant in this action is the Department of Justice (DOJ). The Tax Division of the DOJ is responsible for the prosecution and defense in all courts of civil tax cases other than those instituted in the United States Tax Court, over which it only has appellate responsibilities.

On July 20, 1979, plaintiff, pursuant to the FOIA, requested that the Tax Division furnish plaintiff with all opinions and orders of the United States District Courts, the United States Courts of Appeals, and the United States Court of Claims received by the defendant earlier that month. On August 2, 1979, the Tax Division denied that request on the grounds that the documents were not agency records. Plaintiff appealed that denial. Thereafter, as a result of practical difficulties in complying with plaintiff's request, defendant asked plaintiff to withdraw the request, which plaintiff did. On December 14, 1979, plaintiff, pursuant to the FOIA, sought and was granted access to defendant's logs of the names of tax cases decided by the aforementioned courts. For the past six years,

defendant has provided plaintiff and other commercial tax services with the weekly logs. The logs list the name of the case, the docket number, the district in which it is pending, the names of the attorneys for the taxpayers and the Government, the type of case, and the date and types of judgment or order entered.

Beginning November 16, 1984, and continuing until May 10, 1985, plaintiff, pursuant to the FOIA, submitted a series of 26 weekly requests to the Tax Division for access to all District Court decisions, opinions, and orders identified in the log released to plaintiff the previous week, a copy of which was attached to each request. On March 21, 1985, defendant asked plaintiff to withdraw its requests, but plaintiff declined. On April 30, 1985, the Tax Division denied plaintiff's request, and that denial was sustained on administrative appeal.

On June 7, 1985, plaintiff filed this action under the FOIA seeking weekly access from the Tax Division to all United States District Court decisions, opinions, and orders in tax cases as they are received by defendant and a permanent injunction against the continued withholding of such records.

Defendant moved for summary judgment as a matter of law, pursuant to Fed.R. Civ.P. 56(b), and plaintiff filed a cross-motion for summary judgment.

## Discussion

In *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980), the Supreme Court clarified the conditions under which a federal court may compel an agency to release documents. The Court stated in part:

The FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment. That statutory scheme authorizes federal courts to ensure private access to requested materials when three requirements have been met. Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

*Id.* at 151, 100 S.Ct. at 969; *Bureau of Nat'l Affairs, Inc. v. United States Dep't of Justice*, 742 F.2d 1484, 1488 (D.C.Cir. 1984); *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1105 (D.C.Cir.1983).

The Court finds it unnecessary to decide whether District Court opinions and orders in the hands of the Tax Division of the Department of Justice, a covered agency, are "agency records," as the Court concludes that such documents have not been "improperly withheld." Because there is no improper withholding in this case, the Court lacks jurisdiction.

■ The documents that plaintiff seeks to have defendant make available under the FOIA are copies of all United States District Court decisions, opinions, and final orders (hereinafter "decisions") in tax cases that are received by defendant. The decisions are created by the District Courts, which have sole control over whether a written decision is prepared in a particular case and its substantive content. The decisions function not only as the means of reflecting the disposition of the parties' claims in a case, but also are integral to the courts' administrative duties by officially closing or controlling pending cases before them. The decisions are matters of public record, and courts recognize a general right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). However, every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes, *id.*, at 598, 98 S.Ct. at 1312, or where a court finds it necessary to seal the record for

secrecy or privacy reasons. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Under our system of jurisprudence, the judiciary has the duty of publishing and disseminating its decisions, *Lowenschuss v. West Publishing Co.,* 542 F.2d 180, 185 (3d Cir.1976), although it is within each court's discretion to determine which decisions are appropriate for publication.

The original copy of any decision is filed with the Clerk's Office of the affected Court and placed in the official case jacket, which is available to the public through the court's file room upon personal or letter request. Copying facilities are available through the file room upon payment of costs, or, if there is a letter request, a copy will be sent upon payment of costs.

■ The documents that plaintiff seeks already are available from their primary sources, the District Courts. However, plaintiff argues that the decisions are not truly publicly available because of the difficulties that plaintiff has encountered in obtaining them. In reviewing the arguments presented to it, this Court does not minimize the burden or expense plaintiff may experience in requesting copies of decisions from numerous individual courts. Whatever the merits of plaintiff's complaints about the inefficiency of the District Courts' systems in responding completely and promptly to plaintiff's requests for tax decisions, those complaints do not negate the fact that the decisions are publicly available for inspection and copying almost immediately upon issuance. Plaintiff's arguments that it cannot fulfill its self-imposed duty of providing prompt information and access to tax decisions through the current system does not provide a basis upon which this Court can shift the administrative burden and expense to the Department of Justice to provide copies of, or access to, the decisions. Plaintiff has not met the jurisdictional prerequisite for the operation of the FOIA—that the requested material be "improperly withheld" by the covered agency, as the material is already available to it and other members of the public.

Case law dealing with situations where documents were allegedly "improperly withheld" under the FOIA, 5 U.S.C. § 552(a)(4)(B), support the Court's conclusion that these publicly available tax decisions are not being "improperly withheld" by the Tax Division. The term "improperly" is not defined in the FOIA itself. The Supreme Court in *GTE Sylvania, Inc. v. Consumers Union,* 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980), relying on the legislative history of the FOIA for the Congressional intent of the term "improperly," determined that it meant the "unjustified suppression of information by agency officials." *Id.* at 385, 100 S.Ct. at 1201 (quoting S.Rep. No. 813, 89th Cong., 1st Sess., at 5 (1969)). The Court also noted that it was "enlightening that the Senate Report uses the terms 'improperly' and 'wrongfully' interchangeably." *Id.* at 386, 100 S.Ct. at 1201 (citing S.Rep. No. 813, at 3, 5, 8). In *GTE Sylvania,* the Court held that the Consumer Product Safety Commission had not improperly withheld records that were subject to a court order enjoining disclosure.

The types of documents that Congress sought to make available to the public by enacting the FOIA were primarily those which dealt with the structure, operation, and decision-making procedures of the various governmental agencies. *Weisberg v. United States Dep't of Justice,* 631 F.2d 824, 828 (D.C.Cir.1980) (quoting *SDC Development Corp. v. Mathews,* 542 F.2d 1116, 1119 (9th Cir.1976)). The legislative history of the FOIA discloses deep congressional concern with the ability of the American people to obtain information about the internal workings of their government. *SDC Development Corp., supra,* 542 F.2d at 1119 (discussing S.Rep. No. 813, 89th Cong., 1st Sess. 2–3 (1965)); H.R.Rep. No. 1497, 89th Cong., 2d Sess. 6 (1966)).

Both *SDC Development Corp.* and *Weisberg* dealt with the issue of whether the requested materials were "agency records." However, the question of wheth-

er those records otherwise would be obtainable was key in determining if the records were disclosable under the FOIA, or whether the danger of secret agency law had arisen. In *SDC Development Corp.*, plaintiffs sought to have computer tapes containing a medical reference library furnished under the FOIA. The fact that the library reference system, the substance of which was freely available in various publications, was readily disseminated to the public by the agency for an appropriate fee, made the danger of agency secrecy a non-consideration. In *Weisberg*, plaintiff brought a FOIA request to obtain copies of copyrighted photographs in the possession of the FBI. The D.C. Circuit Court found the photos to be "agency records," both because they reflected the operation of the agency and because "absent a FOIA request, there [was] no guarantee that the photos would be disclosed." 631 F.2d at 828.

The danger of "secret agency law" is not a consideration here because, as previously stated, the requested materials are already publicly available. Additionally, defendant already supplies plaintiff, and others, with its logs of tax decisions rendered in cases it litigates. So, plaintiff has information about which cases the Government chooses to pursue. The determination of the merits of each case, appearing as a court decision, is solely within the control of the courts who make such decisions available by their own internal procedures.

In looking at whether certain documents must be disclosed under the FOIA, courts have considered whether the documents are available from another source and the degree of difficulty involved in obtaining them from that other source. In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), a non-FOIA case, news media sought access to court file copies of Watergate audio tapes that had been introduced into evidence at trial. The Supreme Court held that the 1974 Presidential Recordings and Materials Act, which provided procedures for obtaining access to this material, overrode the common-law right of access to judicial records. *Id.* at 607, 98 S.Ct. at 1317. The Court stated: "The presence of an alternative means of public access tips the scale in favor of denying release." *Id.* at 606, 98 S.Ct. at 1316. The relevance of *Nixon* to plaintiff's FOIA request is that the fact that plaintiff has alternative access to the documents it seeks leads to the conclusion that such documents are not being "improperly withheld."

Material which is already on the public record need not be disclosed. *Lead Industries Ass'n v. OSHA*, 610 F.2d 70, 83, 86 (2d Cir.1979) ("Disclosure of purely objective summaries of the rule-making record may not threaten the deliberative process, [Exception 5, 5 U.S.C. § 552(b)(5) ] although disclosure might be withheld on the different ground that the material was already available."); *City of West Chicago v. U.S. Nuclear Regulatory Comm'n*, 547 F.Supp. 740, 749 (N.D.Ill.1982). However, where it does not appear that a "requester could have obtained the desired information, readily, if all, by other means," *International Brotherhood of Electrical Workers v. H.U.D.*, 763 F.2d 435, 436 (D.C.Cir. 1985), the balance weighs more toward ordering disclosure of material that otherwise fulfills the FOIA requirements. *Getman v. NLRB*, 450 F.2d 670 (D.C.Cir.1971) (*cited* in *International Brotherhood*), provides a clearer example of when the difficulty of obtaining the information will weigh toward disclosure. In *Getman*, an Exception 6 privacy case, plaintiffs sought from the NLRB the names and addresses of employees eligible to vote in certain elections. In ordering disclosure, the D.C. Circuit noted that "appellees [had] no other source for obtaining the names and addresses," *id.* at 676, apart from the union which might be reluctant to provide the information because of outside considerations.

Where the requested material is available from the agency's own document room, this court has held that a FOIA request for alternative means of access

must be denied.[1] In *Eason v. Nuclear Regulatory Comm'n*, 1 G.D.S. 80, 92 (D.D. C.1980), this Court held it lacked jurisdiction to order disclosure of a daily compilation of articles on nuclear energy apparently produced by the Commission, on the ground that no agency records had been withheld. In that case, the Court noted that the requested material already was made available to plaintiff and other members of the public in the Commission's Public Document Room on or about the date of publication. *Id.* at 93.

The documents that plaintiff seeks in this case originate with the District Courts, which make them available to the public, almost immediately upon publication. Therefore, the Court finds that these decisions are publicly available and are not being "improperly withheld" by the Department of Justice. As defendant points out, the consequences of holding that time consuming or unreliable procedures for obtaining publicly available documents from a primary source or a public depository of such documents, such as a library, would have effects far wider than this case. One result might be that a FOIA requester could request from a covered agency any documents or materials in its own library, merely because the requester may not have access either geographically or through personal physical limitations (*e.g.*, incarceration) to the public source for those materials. Such a result would clearly "extend the Act well beyond the intent of Congress." *GTE Sylvania, supra*, 445 U.S. at 387, 100 S.Ct. at 1202.

■ As a final matter, and assuming arguendo that the Court has jurisdiction, the Court finds that plaintiff's request for a permanent injunction against the continued withholding of these decisions has no basis for support. This request amounts to giving plaintiff automatic access to the decisions without the need for making specific FOIA requests. The FOIA refers to existing documents, not to documents which defendant may receive in the future and plaintiff's claim for relief in that regard is denied. *See Eason, supra*, 1 G.D.S. at 93; *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir.1978).

Accordingly, the Court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment. An Order to that effect accompanies this Memorandum Opinion.

## ORDER

Plaintiff brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (1982). This matter is before the Court on the parties' cross-motions for summary judgment pursuant to Fed.R. Civ.P. 56(b). Upon careful consideration of the pleadings and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendant's motion for summary judgment is granted. It hereby further is

ORDERED, that plaintiff's motion for summary judgment is denied and its complaint is dismissed with prejudice.

SO ORDERED.

---

1. Plaintiff refers to the D.C. Circuit Court's statement in *Iron & Sears v. Dann*, 606 F.2d 1215, 1222 n. 37 (1979), that "locating the kinds of decisions appellant seeks in public patent files [may] be so great a burden as to make their availability all but meaningless." However, the court there did not rule on the issue of availability, remanding to the District Court for a determination of other preliminary issues. In a subsequent decision on the same request, which basically involved a fee issue, the Court discussed, but did not rule on, the issue of whether the agency involved complied with the requirement of 5 U.S.C. § 552(a)(2)(A) that final opinions be made "available for public inspection and copying." *Irons v. Diamond*, 670 F.2d 265, 270–71 (D.C.Cir.1981). These speculative discussions of what were side issues in those cases do not carry precedential authority for either argument advanced here.