[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision by the Freedom of Information Commission ("FOIC") ordering the Commissioner of the State of Connecticut Department of Banking ("Commissioner") to provide David Fink and in The Hartford Courant with access to information concerning the activities of banking examiners contained in weekly job work sheets in the possession of the Commissioner.
The following facts led to the decision by the FOIC. By letter dated July 30, 1991, David Fink, a writer for The Hartford Courant, requested from the plaintiff information contained in records maintained by the Department of Banking ("DOB"). Fink received certain documents but the Commissioner refused to disclose the following information: the dates on which state chartered banking institutions and credit unions were examined by state and/or federal examiners between 1984 and 1990 inclusive; the name of the entity examined; the month it was examined; the number of examiners assigned to the examination; the duration of the examination; and whether it was done in conjunction with a federal regulatory agency. The aforementioned information was contained in weekly job work sheets submitted to the DOB by its bank examiners each time a bank was examined. Thereafter, the FOIC ordered the disclosure of the requested work sheets.
Connecticut General Statutes section 1-19, subsections (a) and (b)(10), part of the Connecticut Freedom of Information Act ("FOIA"), provides:
 Access to public records. Exempt records. (a) Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or CT Page 8244 regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15.
 (b) Nothing in section 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21K, inclusive, shall be construed to require disclosure of . . . (10) records, tax returns, reports and statements exempted by federal law or state statute . . . .
Connecticut General Statutes section 36-16 (a) provides:
 Information to be confidential. (a) All information obtained by the commissioner or by any member of the department of banking shall be confidential except such as should, in the opinion of the commissioner, be imparted in the performance of official duties.
The plaintiff claims that the information sought by David Fink contained in weekly job work sheets is "information obtained by the commissioner" within the meaning of 36-16 (a) and, therefore, is exempt from disclosure. He claims, in essence, that "information obtained by the commissioner" means all information in the Commissioner's possession.
The FOIC argues that 36-16 (a) applies only to personal, business, financial, and investment information obtained by the Commissioner from third parties, but not to information which is generated by the Commissioner or his agents, such as that requested by David Fink.
The FOIA "expresses a strong legislative policy in favor of the open conduct of government and free public access to its records." Wilson v. Freedom of Information Commission, 181 Conn. 324, 328, 435 A.2d 353 (1980); Lieberman v. State Board of Labor Relations, 216 Conn. 253,266, 579 A.2d 505 353 (1990). "In those limited CT Page 8245 circumstances where the legislature has determined that some other public interest overrides the public's right to know, it has provided explicit statutory exceptions. See. e.g., General Statutes 1-19 (b). We have held that these exceptions must be narrowly construed." Lieberman, supra at 266.
In conjunction with its obligation to construe exceptions to FOIA disclosure narrowly, the court must interpret the statute as written. Zacks v. Groppo, 207 Conn. 683,690, 542 A.2d 1145 (1988); Orticelli v. Powers,197 Conn. 9, 13-14, 495 A.2d 1023 (1985).
Section 36-16 (a) exempts all information obtained by the Commissioner. It does not exempt all information possessed by the Commissioner. The word "obtain" means, "to get hold of by effort; to gain possession of; to procure." Webster's New International Dictionary, 2d Ed. p. 1682. Thus, the phrase "information obtained by the commissioner" means information the Commissioner has procured from another. The phrase is broad and could encompass a myriad of information which the commissioner procured from banking institutions. However, it is not broad enough to encompass information generated by the Commissioner or his agents, such as the dates of bank examinations, the length of the examinations, the identity of the bank examiner and the identity of the bank examined.
Moreover, if 36-16 (a) is construed in the manner urged by the Commissioner, the Department of Banking would have a complete exemption from all FOIA disclosure requirements because the Commissioner could exercise his discretion to withhold any information he possessed. Such an interpretation would clearly contravene the policy of broad public disclosure which forms the basis of the FOIA.
The Commissioner also claims that the requested information is exempt from disclosure under 36-16 (b) which provides:
 Examination, operating or condition reports prepared by the commissioner or prepared on behalf of or for the use of the commissioner shall be confidential unless otherwise a matter of public record and that no information CT Page 8246 contained therein shall, except with the prior written consent of the commissioner, be disclosed or otherwise made public by any director, officer, employee, or agent of any financial institution, as defined in section 36-9j, about which such report was prepared.
The information at issue is clearly not an "examination, operating or condition report" within the meaning of the statute. The portions of the weekly job work sheets at issue do not become confidential merely because other portions of those work sheets, disclosure of which is not requested, i.e., portions containing financial information concerning banking institutions or their customers, may be incorporated into examination, operating or condition reports.
The plaintiff also argues that the disclosure of the weekly job work sheets is prohibited under federal law,12 C.F.R. § 309 and, therefore, the exemption of1-19 (b)(10) precludes disclosure of those work sheets. Section 1-19 (b)(10) exempts from FOIA disclosure "records, tax returns, reports and statements exempted by federal law or state statute."
12 C.F.R. § 309 is a regulation of the Federal Deposit Insurance Corporation ("FDIC") promulgated to comply with the provisions of 5 U.S.C. § 552, the Federal Freedom of Information Act. That regulation applies to disclosures by the FDIC and exempts from disclosure:
 Records contained in or related to examination, operating or condition reports by or on behalf of, or for the use of the FDIC or any agency responsible for the regulation or supervision of financial institutions.
The foregoing language mirrors that of 5 U.S.C. § 552, the Federal Freedom of Information Act, which provides:
 (a) Each agency shall make available to the public information as follows . . .
(b) This section does not apply to matters that are CT Page 8247
. . .
 (8) contained in or related to examination, operating, or condition reports prepared by, on behalf of or for the use of an agency responsible for the regulation or supervision of financial institutions.
 5 U.S.C. § 552 only applies to disclosure, or nondisclosure, by agencies of the federal government.
St. Michael's Convalescent v. California, 643 F.2d 1369
(9th Cir. 1981). The Connecticut Department of Banking is clearly not a federal agency and, therefore, the exemption provision of 5 U.S.C. § 552 (b)(8) does not apply to it.
The exemption of 5 U.S.C. § 552 (b)(8) is broader than that of 36-16 (a) or (b) because it exempts matters "related to" examination, operating or condition reports. However, even if 5 U.S.C. § 552 did apply to the Connecticut Department of Banking, it is doubtful that the exemption of5 U.S.C. § 552 (b)(8) would apply to the weekly job work sheets.
The dominant legislative intent of 5 U.S.C. § 552 is directed towards disclosure, not secrecy; thus, the limited statutory exemptions are to be narrowly construed and the burden is on the administrative agency to prove that documents sought are within the exemption. International Brotherhood of Electrical Workers Local 41 v. Department of Housing and Urban Development, 593 F. Sup. 542, 544, aff'd 763 F.2d 435 (D.C.D.C. 1984); POSS v. NLRB, 565 F.2d 654,656 (10th Cir. 1977).
In Consumers Union of U.S. Inc. v. Heiman, 589 F.2d 531
(D.C. Cir. 1978), the Court of Appeals for the District of Columbia reviewed the legislative history of 5 U.S.C. § 552
(b)(8). The court noted that the House of Representatives report stated that the exemption:
 is designed to ensure the security and integrity of financial institutions for the sensitive details collected by Government agencies which regulate these institutions, if indiscriminately disclosed, could cause great harm.
CT Page 8248
 589 F.2d at 534 citing H.R. Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966), U.S. Code Cong. Admin. News 1966, pp. 2418, 2428 (emphasis added).
The Court of Appeals further observed that the exemption of 5 U.S.C. § 552 (b)(8) was created due to a "concern that disclosure of examination, operation and condition reports containing frank evaluations of the investigated banks might undermine public confidence and cause unwarranted runs on banks." Id. at 534.
From the foregoing it appears that both state and federal exemptions to the Freedom of Information Act pertaining to examinations of banks were intended to protect substantive information concerning the bank or banks examined. They were not meant to shield from public scrutiny information generated by the examining agency about the manner in which or frequency with which the agency performed its examinations.
The plaintiff argues that disclosure of the fact that a banking institution was examined at all, the frequency with which it was examined and the length of the examination could lead the public to draw adverse inferences about the financial condition of the banking institution. Such inferences could lead to a "run" on the banking institution in question. Such an argument states a valid reason for the Commissioner's decision to exercise his discretion to refrain from disclosure of the records in question. However, the issue before the FOIC and this court is whether the Commissioner was authorized by 36-16 to exercise such discretion. Section 36-16 gives the Commissioner discretion to withhold only that information which he or his agents have obtained. This court cannot find that the statute provides the Commissioner with discretion to withhold any information he possesses.
David Fink's request was carefully drawn to exclude any information obtained by the Commissioner or his agents in the course of their investigation of banking institutions or otherwise. The request seeks only information generated by the Commissioner or his agents about the number, depth and frequency of banking examinations. As such, the requested documents are not exempt from disclosure. CT Page 8249
For the foregoing reasons, the appeal is dismissed.
BY THE COURT:
Aurigemma, J.