**DISABLED OFFICER'S ASSOCIATION,**
Plaintiff,

v.

**Honorable Donald RUMSFELD et al., Defendants.**

Civ. A. No. 76–0520.

United States District Court,
District of Columbia.

Feb. 23, 1977.

Patrick J. Attridge, Washington, D. C., for plaintiff.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

GASCH, District Judge.

The Disabled Officer's Association brings this action pursuant to the Freedom of Information Act (hereinafter "Act" or "FOIA"), 5 U.S.C. § 552(a), for injunctive relief prohibiting defendants, the Department of Defense and certain officials of the Department of Defense, from withholding the names and addresses of all living commissioned, warrant or flight officers of the Armed Forces of the United States who have been, or may hereafter be, retired for or with a service connected disability determined to be sufficient to prevent the performance by them of their official duties. This Court has jurisdiction over this action by virtue of 5 U.S.C. § 552(a)(4)(B). This matter is now before the Court on the parties' cross-motions for summary judgment.[1]

## BACKGROUND

The Disabled Officer's Association is an unincorporated nonprofit association of commissioned, warrant or flight officers of the United States Armed Forces who are retired with or for a service connected physical disability. It was organized in 1919 to aid officers of the Armed Forces who are retired for disability sustained in the line of duty and their dependents. To accomplish this purpose, the Association performs several functions. Its Executive Director engages in lobbying and testifies before Congressional committees on proposed and pending legislation which affects the interests of retired military personnel and of their dependents. The Association keeps its members informed, through quarterly and emergency bulletins, of proposed and recently enacted legislation, administrative rulings and judicial decisions affecting their interests and those of their dependents. It also assists and advises its members and their dependents and survivors on claims for benefits under laws administered by the various military services and/or the Veterans Administration.

The Association's annual dues are $10.00. These dues are used to pay the salary of the Association's Executive Director and clerical staff, to maintain its headquarters and to promote its activities. The Association's officers and committee members serve without remuneration; and the Association's services are available to its members without any other fee or charge.

The Association's membership is comprised primarily of World War I and II veterans. For the past six or seven years, its membership has been declining substantially due to its inability to obtain the names and addresses of recently retired disabled officers who may be eligible for membership.

On March 19, 1975, plaintiff requested a list of the names and addresses of all living commissioned, warrant or flight officers of the Armed Forces of the United States who have been, or may hereafter be, retired for or with a service connected disability, determined to be sufficient to prevent the performance by them of their official duties from the Directorate for Freedom of Information, Office of the Assistant Secretary of Defense (Public Affairs). This request was made in accordance with the regulations of the Department of Defense. This request was denied on the ground that the information sought fell within the (b)(6) exemption of the Act, 5 U.S.C. § 552(b)(6). Plaintiff appealed this decision administratively, which appeal was denied, in a final administrative decision, on the ground that the (b)(6) exemption applied to the information.

Plaintiff then instituted the instant FOIA action to obtain this information. Plaintiff Association has represented to the Court that it will use the information to inform these persons of the existence and purpose of the Association and to solicit their membership, that this will be done by mailing these persons a brochure, a copy of

---

1. The material facts are not in dispute. The defendants have adopted, with one exception which is not significant, the plaintiff's statement of undisputed material facts. See defendants' Statement of Material Facts As to Which There is No Genuine Dispute, filed December 7, 1976.

which has been submitted to the Court,[2] and that there will be no telegraph, telephone or personal follow-up or harassment. Plaintiff has also represented to the Court that it will not sell, distribute or otherwise disseminate the list of names and addresses.[3]

## MERITS

Two principal questions are presented by the parties' cross-motions for summary judgment: whether the information sought constitutes an agency "record" within the meaning of the FOIA and, if so, whether the information sought is exempt from mandatory disclosure under the (b)(6) exemption to the Act, 5 U.S.C. § 552(b)(6). For the reasons set forth below, the Court is of the opinion that defendants' objections to the disclosure of the names and addresses of currently disabled retired officers are not well-taken and that plaintiff is entitled to the relief it seeks as to this information, but that injunctive relief placing defendants under a continuing obligation to provide plaintiff in the future with the names and addresses of officers who may hereafter be retired with or for a service connected disability is not now appropriate.

1. *The Names and Addresses of Currently Disabled Retired Officers.*

Defendants first contend that plaintiff has not requested an identifiable agency *record* within the meaning of the FOIA. This contention is based on the fact that they do not have a single list of all the names and addresses plaintiff seeks. They allege that this information is contained in numerous personnel and financial records throughout the Department of Defense, although at oral argument defendants' counsel indicated that some, but not all, of the branches of the Armed Forces may have a list of the names and addresses of disabled officers retired from that Branch and that

the Veterans Administration may have such a list. Defendants contend that the FOIA applies only to documents in existence and that the FOIA cannot be used by the plaintiff to force defendants to compile a record. To support their position, they rely on the Supreme Court's statement in *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975), that:

> The Freedom of Information Act imposes no independent obligation on agencies to write opinions. It simply requires them to disclose the opinions which they do write.

*Id.* at 192, 95 S.Ct. at 1504.

Plaintiff is not attempting to use the FOIA to force defendants to create a record which they do not already have, and its request is one for an existing record within the meaning of the Act. If the Department of Defense did not maintain records on retired disabled officers, then plaintiff's request could be seen as an attempt to compel defendants to compile information they do not possess and *Renegotiation Board v. Grumman Aircraft Engineering Corp., supra,* would have more applicability to this case. However, defendants have stated that the Department of Defense has personnel and financial records pertaining to retired disabled officers, and plaintiff is only requesting them to disclose a limited portion of, or amount of information from these files, the names and addresses of the retired disabled officers. The fact that defendants may have to search numerous records to comply with the request and that the net result of complying with the request will be a document the agency did not previously possess is not unusual in FOIA cases nor does this preclude the applicability of the Act. Indeed, in at least two recent FOIA actions involving requests for names and addresses which

---

**2.** Plaintiff's Exhibit # 8.

**3.** Plaintiff has indicated that it would not object to this Court's placing restrictions on its use of the information by prohibiting it from selling or distributing this information or using it to ha-

rass these persons and by limiting it to contacting these persons by mail only. Such restrictions are of doubtful validity, however, in light of this Circuit's opinion in *Ditlow v. Shultz,* 170 U.S.App.D.C. 352, 517 F.2d 166, 171 (1975).

were not previously compiled into a single document but were contained in numerous separate documents, this fact was not seen as a bar to the applicability of the Act. See *Ditlow v. Shultz,* 170 U.S.App.D.C. 352, 517 F.2d 166 (1975); *Wine Hobby USA, Inc. v. United States Internal Revenue Service,* 502 F.2d 133 (3rd Cir. 1974).[4] Further, had plaintiff requested the files and records on all disabled retired officers, with all the information deleted save the names and addresses of the officers, this request would clearly be one for existing records; that plaintiff phrased its request in a somewhat different form does not affect the substance of the request.

■ Defendants next contend that the requested information is exempt from mandatory disclosure under the FOIA by virtue of the (b)(6) exemption, 5 U.S.C. § 552(b)(6). This exemption applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Thus, this exemption applies to the information the Association requested only if it constitutes personnel, medical or similar files and its disclosure would result in a clearly unwarranted invasion of privacy. To determine whether there would be a "clearly unwarranted" invasion of privacy, the Court must balance *de novo* the privacy interest in nondisclosure, or the severity of the loss of privacy, with the public interest in disclosure. This involves, first, an in-quiry into whether any privacy invasion will result from disclosure and, if so, how severe an invasion. The Court must then determine whether the privacy invasion is outweighed by the public interest, if any, in disclosure. These competing interests must be balanced with a "tilt" in favor of disclosure. *Ditlow v. Shultz, supra* ; *Rural Housing Alliance v. Department of Agriculture,* 162 U.S.App.D.C. 122, 498 F.2d 73 (1974); *Getman v. N.L.R.B.,* 146 U.S.App.D.C. 209, 450 F.2d 670 (1971).

There is, however, some uncertainty as to precisely what privacy and public interests are to be balanced. The Court in *Getman v. N.L.R.B., supra* balanced these competing interests in the context of the privacy loss from disclosure to the particular requesting party and the public interests served by disclosure to the particular requesting party.[5] In *Ditlow v. Shultz, supra,* the Court questioned the propriety of this restricted balancing approach and suggested, without deciding, that the (b)(6) exemption required the balance of competing interests be done in the context of unrestricted public disclosure of the requested information. *Id.* at 171.[6] Assuming that the requested information in the instant case constitutes a personnel, medical or similar file, under either approach the invasion of privacy from disclosure is outweighed by the public interest in disclosure in the instant case.[7]

■ The disclosure of the names and addresses of these persons alone will not re-

---

4. This issue does not appear to be raised in these cases. However, in *Ditlow v. Shultz, supra,* the Court noted that the names and addresses may constitute the "file" for purposes of the (b)(6) exemption, rather than the records from which the information is derived. *Id.* at 169. That the Court suggested that this uncompiled information may constitute the "file" strongly suggests that the Court would, at least, view the same information as constituting a "record" within the meaning of the FOIA.

5. This approach was apparently based on the assumption that there was an implicit limitation that the information would be used by the requesting party and only for the public interest purposes asserted. See *Getman v. N.L.R.B., supra* at 677 n.24. In *Ditlow v. Shultz, supra,* the Court questioned the validity of this

assumption in light of the language and legislative history of the (b)(6) exemption. *Id.* at 171–72.

6. Under the *Getman* approach, the privacy invasion is limited by the nature of and proposed use of the information by the requesting party, and the public interest factor is limited to the public interests served by the proposed uses of the requesting party. Under the alternative balancing approach suggested in *Ditlow,* the privacy infringement would be evaluated in light of unrestricted public access to the information, and the public interest factor would encompass the public interests served by general public disclosure.

7. The Court does not reach the question of which approach is the proper one.

veal any personal or embarrassing information and is a very low degree of disclosure. *Getman v. N.L.R.B., supra* at 675. In the context in which the information request has been made, disclosure will necessarily reveal that these persons are retired military personnel and that they are disabled. No information as to their military or personnel records or the nature or extent of their disability will be revealed. Disclosure to the requesting party here will also expose these persons to having a brochure describing the Association and soliciting their membership mailed to them.[8] While these are not inconsequential infringements on the privacy of these persons, they are not very substantial or severe ones. The invasion of privacy involved here is not materially different from that involved in *Getman v. N.L.R.B., supra,* which the Court determined to be a minimal invasion. *Id.* at 675.

Unrestricted disclosure of the information would not alter the nature of the information revealed. It would have additional consequences for the privacy of these persons only in that it could expose them to unwanted solicitation or even harassment. Other persons or groups, which may not have the best interests of these persons at heart, could use this information for commercial solicitation and even harassment and may attempt to engage in telephone or personal contact with them. The loss of privacy from unrestricted public disclosure would, then, be greater than from restricted disclosure to the requesting party here in this respect. However, the (b)(6) exemption was meant to protect individuals from the disclosure of the intimate details of their personal lives, *Rural Housing Alliance v. Department of Agriculture, supra* at 77, which would not be involved in such solicitation.

Plaintiff intends to use this information to inform these persons of its existence and purpose and to solicit their membership.

Many of these persons may be unaware of the Association and, once apprised of it, may be desirous of joining it and availing themselves of its services. Disclosure may, therefore, directly benefit these persons.

Plaintiff Association is a nonprofit organization designed to serve the interests of retired disabled officers of the Armed Forces. It does so by lobbying and testifying on legislation affecting their interests, keeping its members abreast of government activities affecting them, and assisting its members and their dependents in pursuing benefits to which they may be entitled under various laws. Many of these services benefit not only the Association's members, but also military personnel and the public in general. For instance, by lobbying and testifying on proposed and pending legislation, the Association provides information to Congress and helps to insure that Congress is apprised of the interests and needs of a significant segment of the public which its actions will affect. The Association intends to use this information to acquire the resources necessary to enable it to continue to perform these services.

The Association's membership has been declining substantially in the past six or seven years due to its inability to obtain the names and addresses of potential members. It has represented that without such information it is in danger of dying by attrition.[9] Without the requested information, the Association's ability to carry on its activities will be impaired and, eventually, it may no longer be able to render these services. With the requested information, the Association can solicit new potential members which will enhance its ability to continue to perform these services.

A further element in the balancing process is whether the Association has adequate alternative sources for this information. *Ditlow v. Shultz, supra* at 172–73; *Rural Housing Alliance v. Department of Agriculture, supra* at 77–78; *Getman v. N.L.R.B.,*

---

**8.** As noted, plaintiff has stated that it will not contact these persons by telephone, telegraph or personally and that it will not harass these persons.

**9.** Defendants have not disputed this.

*supra* at 676–77. The Association has stated that it has no other way to obtain this information, and defendants have not disputed this. This inability to obtain the information it seeks by any other means becomes particularly important here in light of the fact that it may well be unable to survive as an organization with these names and addresses of potential members.

In light of the public interests which will be served by disclosure, plaintiff's inability to secure this information from alternative sources, the nature and extent of the invasion of privacy which would result from disclosure, and the fact that the "clearly unwarranted" language of the (b)(6) exemption directs the Court to tilt the balance in favor of disclosure, the privacy loss here from disclosure is outweighed by the public interest in disclosure. Disclosure of the requested information would, therefore, not result in "clearly unwarranted" invasion of personal privacy, and the (b)(6) exemption does not apply.

Defendants rely on *Wine Hobby USA, Inc. v. United States Internal Revenue Service*, 502 F.2d 133 (3rd Cir. 1974), where the Court held that the names and addresses of persons who had registered to produce wine for family use were within the ambit of the (b)(6) exemption, to support their position. However, in that case, the requesting party, an amateur winemaking equipment company, had stipulated that it wanted the names and addresses solely for purposes of private commercial solicitation, and the Court could conceive of no direct or indirect public interest in disclosure. *Id.* at 137. In the absence of any public interest factor, the Court did not assess the severity of the privacy loss from disclosure and even noted that "the invasion of privacy in this case is not as serious as that considered by the court in other cases. . . ." *Id.* Here, there are several public interests which will be served by disclosure, and having assessed the severity of the privacy infringement, the Court is of the opinion that it is outweighed by these public interests.

Defendants also argue the disclosure is prohibited by the spirit if not the letter of the Privacy Act of 1974, 5 U.S.C. § 552a(n), which prohibits federal agencies from selling or renting an individual's name or address. This provision does not bar disclosure of the requested information here. The defendants are not selling or renting the requested names and addresses. Further, this provision expressly states that "[T]his provision shall not be construed to require the withholding of names and addresses otherwise permitted to be made public." The FOIA not only permits, but requires, this information to be made public.

2. *The Names and Addresses of Who May Hereafter Become Disabled Retired Officers.*

■ Plaintiff also seeks an order from this Court directing defendants to provide it in the future with the names and addresses of officers of the Armed Forces who may hereafter be retired with or for a service connected disability. Such relief is not appropriate at the present time. The FOIA .obligates an agency only to produce non-exempt records and information which it presently has, which is not true of the names and addresses of future. retired, disabled officers. Further, there has been no indication that, after this Court's decisions as to the names and addresses of presently disabled, retired officers, defendants will not honor further requests for this information in the future. There has, therefore, been no showing that such relief is necessary.

### ORDER

Upon consideration of the parties' cross-motions for summary judgment, the memoranda of points and authorities submitted in support thereof and the entire record herein, and having heard counsel in open Court, and for the reasons set forth in the attached Memorandum, it is by the Court this 23rd day of February, 1977,

ORDERED that plaintiff's motion for summary judgment with respect to the names and addresses· of all living commissioned, warrant or flight officers of the Armed Forces of the United States who

have been retired with or for a service connected disability be, and hereby is, granted; and it is further

ORDERED that plaintiff's motion for summary judgment in all other respects be, and hereby is, denied; and it is further

ORDERED that defendants' motion for summary judgment with respect to the names and addresses of living commissioned, warrant or flight officers of the Armed Forces of the United States who may hereafter be retired with or for a service connected disability be, and hereby is, granted; and it is further

ORDERED that defendants' motion for summary judgment in all other respects be, and hereby is, denied; and it is further

ORDERED that defendants be, and hereby are, enjoined from withholding from plaintiff the names and addresses of all living commissioned, warrant or flight officers of the Armed Forces of the United States who have been retired with or for a service connected disability, determined to be sufficient to prevent the performance by them of their official duties.