The **RETIRED OFFICERS ASSOCIATION**, Plaintiff,

v.

**DEPARTMENT OF the NAVY, et al., Defendants.**

Civ. A. No. 88–2054.

United States District Court, District of Columbia.

July 12, 1989.

Frank M. Northam, Webster, Chamberlain & Bean, Washington, D.C., for plaintiff.

Carol Koehler Ide and Michael H. Hughes, Office of Information & Privacy, U.S. Dept. of Justice, Washington, D.C., for defendants.

## OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

The Court has before it cross-motions for summary judgment in the above-captioned Freedom of Information Act ("FOIA") suit. 5 U.S.C. § 552. There are no material facts in dispute. The bone of contention between the parties is solely over whether the FOIA requires defendants to disclose

to plaintiff the names and addresses of retiring and retired officers of the United States Army, Air Force, Navy and Marine Corps.[1] Defendant maintains that the names and addresses of retiring officers are exempt from disclosure pursuant to § 552(b)(2) (internal personnel rules and practices), and that the names and addresses of retired officers are exempt from disclosure pursuant to §§ 552(b)(2) (internal personnel rules and practices) and 552(b)(6) (unwarranted invasion of personal privacy).

Upon consideration of both parties motions, the supporting and opposing legal memoranda, the accompanying affidavits, and the underlying law, the Court concludes that the information at issue does not fall within the ambit of FOIA exemptions 2 or 6. Accordingly, the Court will grant plaintiff's motion for summary judgment, and will deny defendants' motion.

### BACKGROUND

Plaintiff is a nonprofit corporation with a membership of approximately 360,000 individuals, which includes regular members and auxiliary members. Any person who is or has been a commissioned or warrant officer in any of the seven Uniformed Services or the Reserves, or other components of these services qualifies to be a regular member; auxiliary membership is available to surviving spouses of regular members and surviving spouses of deceased individuals who would have qualified for regular membership. Plaintiff's "primary missions" are supporting a strong national defense and protecting the earned entitlements of service personnel and their families. Plaintiff endeavors to meet these objectives by lobbying and testifying on proposed and pending legislation that is of concern to service personnel; providing Congress with information pertaining to the needs and interests of members of the uniformed services; preparing publications and mailings that keep members current on legislation, administrative rulings, judicial decisions, and other government pronouncements affecting them, and providing members counselling in a variety of areas such as retirement pay, medical care, survivor benefits, and employment after retirement.

Plaintiff has found mail solicitation to be the most effective means of reaching new members. In the past, the various military departments have provided plaintiff with the names and addresses of retiring and retired officers of the service. In 1987, however, the military departments informed plaintiff that they would no longer provide plaintiff with this information. Plaintiff has tried alternate methods of obtaining lists of the names and addresses of retired and retiring officers of the military; however, these methods have not been successful.

### THE REQUESTED INFORMATION DOES NOT RELATE SOLELY TO INTERNAL PERSONNEL RULES OR PRACTICES, AND THE INFORMATION DOES RELATE TO A SIGNIFICANT PUBLIC INTEREST SO EXEMPTION 2 DOES NOT PERMIT IT TO BE WITHHELD.

Exemption 2 of the FOIA allows agencies to withhold from public disclosure matters "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The Court of Appeals for this Circuit set forth the analytical framework for evaluating Exemption 2 claims in *Founding Church of Scientology v. Smith*, 721 F.2d 828, 830 n. 4 (D.C.Cir. 1983):

> First, the material withheld should fall within the terms of the statutory language as a personnel rule or internal practice of the agency. Then, if the material relates to trivial administrative matters of no genuine public interest, exemption would be automatic under the statute. If withholding frustrates legitimate public interest, however, the material should be released unless the government can show that disclosure would risk circumvention of lawful agency regulation.

*Id.* (citations omitted).

■ Defendants maintain that the information sought here satisfies Exemption 2's

---

**1.** Plaintiff is not seeking this information as it pertains to officers assigned to sensitive units, routinely deployable units, and units stationed in foreign territories.

threshold requirement of pertaining solely to an agency "personnel rule or internal practice" because the information was "generated and maintained for the exclusive purpose of supporting and facilitating internal personnel activities of the armed forces." [2] The reach of Exemption 2, however, is not as broad as defendant suggests. To fall within the ambit of Exemption 2, it is not enough that the requested information be generated and used for the purpose of facilitating matters of internal management. *See Army Times Publishing Co. v. Dep't of Army*, 684 F.Supp. 720 (D.D.C.1988) (holding that computerized records containing the names, addresses, grade levels and installation location of all active duty Army personnel in the United States which were "generated and maintained for the exclusive purpose of supporting and facilitating internal personnel activities of the Army" were not covered by FOIA Exemption 2). "The phrasing of Exemption 2 is traceable to congressional dissatisfaction with the exemption from disclosure under former § 3 of the Administrative Procedure Act of 'any matter relating solely to the internal management of an agency.'" *Department of Air Force v. Rose*, 425 U.S. 352, 362, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The legislative history of Exemption 2 "plainly evidences the congressional conclusion that the wording of Exemption 2, 'internal personnel rules and practices,' was to have a narrower reach than the Administrative Procedure Act's exemption for 'internal management,' matters." *Id.* at 363, 96 S.Ct. at 1600.

Even assuming the satisfaction of Exemption 2's threshold requirement, defendants would nonetheless be required to disclose to plaintiff the information it is seeking because it is related to significant public interests. The Court disagrees with defendants' depiction of plaintiff's purpose in seeking the requested information as commercial in nature as well as its characterization of the information as involving "'trivial administrative matters of no genuine public interest.'" [3]

In arguing that plaintiff intends to use the names and addresses it is seeking for a commercial purpose, defendant relies upon *Schwaner v. Department of Air Force*, 698 F.Supp. 4 (D.D.C.1988). Such reliance is misplaced. In *Schwaner*, a seller of insurance made a FOIA request to the Air Force for the names and addresses of air base personnel; he intended to use these names to solicit purchasers of insurance. Judge Gerhard Gessell, in upholding the denial of the insurance seller's FOIA request, wrote that "[w]ith regard to exemptions from disclosure, Courts rightly distinguish between non-profit institutions which seek to serve the addresses and commercial enterprises whose requests are for their own profit.... Plaintiff Schwaner's interest in selling insurance does not rise to the level of public interest, and does not justify an invasion of the privacy of government employees." *Id.* at 6.

In contrast to the insurance salesperson in *Schwaner*, plaintiff does not intend to use the requested information for its own profit, but instead has demonstrated that it plans to use the information for a purpose relating to a significant public interest. *See Founding Church of Scientology*, 721 F.2d at 830 n. 4 (stating that "[g]iven the presumption favoring disclosure expressed in FOIA, a reasonably low threshold should be maintained for determining when withheld administrative material relates to significant public interests"). Plaintiff, a non-profit organization formed to promote the interests of retiring and retired officers of the military, intends to use the requested names and addresses solely for the purpose of notifying retired and retiring officers of the military of its existence. Plaintiff promotes the interests of its members, namely retiring and retired officers of the military and their spouses, by lobbying and testifying on legislation in which members have an interest, keeping members informed of government activities affecting them, and assisting members in obtaining benefits to which they are entitled.

---

2. *Defendants' Cross–Motion for Summary Judgment* at 9.

3. *Defendants' Cross–Motion for Summary Judgment* at 6–7; 17.

Many of these services benefit not only the Association's members, but also the military personnel and the public in general. For instance, by lobbying and testifying on proposed and pending legislation, the Association provides information to Congress and helps to insure that Congress is apprised of the interests and needs of a significant segment of the public which its actions will affect.

*Disabled Officers' Association v. Rumsfeld,* 428 F.Supp. 454, 458 (D.D.C.1977).

■ In view of the fact that the information plaintiff is seeking is related to a substantial public interest, the Court is not in a position to consider defendants' claim that the processing of plaintiff's request will be administratively burdensome and expensive. *See Rose,* 425 U.S. at 369–70, 96 S.Ct. at 1603 ("the general thrust of the exemption is simply to relieve agencies of the burden of assembling and maintaining for public inspection matter in which the public could not reasonably be expected to have an interest"). The FOIA "does not confer judicial discretion to balance its dictates against the administrative burdens of disclosure." *Tax Analysts v. United States Dep't of Justice,* 845 F.2d 1060 (D.C.Cir. 1988), *cert. granted,* — U.S. —, 109 S.Ct. 781, 102 L.Ed.2d 773 (1989). "If compliance with the FOIA, despite its provision for the payment of costs, takes on nightmarish qualities for agencies, congressional adjustments to the law are their only answer." *Id.* at 1067 n. 16.

DEFENDANTS HAVE FAILED TO DEMONSTRATE THAT THE DISCLOSURE OF THE NAMES AND ADDRESSES OF RETIRED OFFICERS WOULD CONSTITUTE A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY, AND, THEREFORE, THEY ARE NOT ENTITLED TO WITHHOLD THEM PURSUANT TO EXEMPTION 6.

Exemption 6, which defendants are claiming with respect to the names and addresses of retired officers, allows an agency to withhold "personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In determining whether Exemption 6 pertains to particular information, the Court's task is "to balance the right of privacy of affected individuals against the right of the public to be informed; and the statutory language 'clearly unwarranted' instructs the court to tilt the balance in favor of disclosure." *Getman v. National Labor Relations Board,* 450 F.2d 670, 674 (D.C.Cir.1971).

■ As justification for withholding the names and addresses of retired officers, defendants maintain that retired officers have a privacy interest in their home addresses.[4] Although these officers may well have some privacy in their home addresses, this privacy interest is minimal. *See, e.g., Ditlow v. Shultz,* 517 F.2d 166, 170 (D.C.Cir.1975) (holding that disclosure of names and addresses "would result in less than a substantial invasion of privacy"); *Getman,* 450 F.2d at 675 (holding that "the loss of privacy resulting from this particular disclosure should be characterized as relatively minor").

■ Defendants attempt to substantiate their privacy argument by asserting that the release of the retired officers' home addresses "would subject [the officers] to a barrage of harassment in their homes in the form of unsolicited mailings, telephone calls and visits."[5] Plaintiff has explicitly stated that the names and addresses would be used *solely* for the purpose of mailing the officers a letter accompanied by a brochure on the services that plaintiff provides.[6] "[T]he (b)(6) exemption was meant to protect individuals from the disclosure of intimate details of their personal lives, which would not be involved in such solicitation." *Disabled Officers' Association v.*

---

**4.** *Defendants' Cross–Motion for Summary Judgment* at 21.

**5.** *Defendants' Cross–Motion for Summary Judgment* at 22.

**6.** *Affidavit of Thomas J. Kilcline* ("Kilcline Affi-

*Rumsfeld,* 428 F.Supp. at 458 (citing *Rural Housing Alliance v. Department of Agriculture,* 498 F.2d 73, 77 (D.C.Cir.1973)); *see also National Association of Federal Employees v. Horner,* 633 F.Supp. 1241, 1243 (D.D.C.1986) (explaining that fact that disclosure of names and addresses may be "annoying or bothersome" does not "warrant a finding that the privacy interests at stake [are] substantial"). Moreover, Exemption 6 was not designed to guard against possible annoyance or harassment resulting from the disclosure of information. "The text of the Exemption does not apply to an invasion of privacy produced as a *secondary effect* of the release.... According to the statute, it is the very 'production' of the documents which must 'constitute a clearly unwarranted invasion of personal privacy.'" *Arieff v. United States Dep't of Navy,* 712 F.2d 1462, 1468 (D.C.Cir.1983).

When the relatively minor privacy interest at stake is balanced against the public interest in disclosure, the scale tilts in favor of disclosure. As the Court mentioned above, retired officers, their families, and Congress are all benefited by plaintiff's lobbying efforts and the services that it provides to retired officers and their spouses. Without the names and addresses of retired officers, plaintiff's efforts to advise retired officers and their spouses of its services will be seriously hampered,[7] and at least some of them will not be given the opportunity to decide whether they wish to take advantage of plaintiff's services. Moreover, the fact that approximately sixty-five percent of all retired officers are members of the plaintiff Association is a good indicator [8] that the majority of retired officers will not find the information mailed to them by plaintiff annoying, but instead will welcome receipt of the information.

The Court will issue an Order of even date herewith memorializing these findings.

davit") at ¶ 24.

**7.** *Kilcline Affidavit* at ¶ 19.

ORDERS

In accordance with the Court's Opinion of even date herewith, it is, by the Court, this 12th day of July, 1989,

ORDERED that plaintiff's motion for summary judgment shall be, and hereby is, granted; and it is

FURTHER ORDERED that defendants' motion for summary judgment shall be, and hereby is, denied.

**8.** *Kilcline Affidavit* at ¶ 7.