The RETIRED OFFICERS ASSOCIATION, Plaintiff,

v.

DEPARTMENT OF the NAVY, et al., Defendants.

Civ. A. No. 88–2054.

United States District Court, District of Columbia.

May 14, 1990.

Frank M. Northam of Webster, Chamberlain & Bean, Washington D.C., for plaintiff.

Jay B. Stephens, U.S. Atty., District of Columbia, Asst. U.S. Atty. John D. Bates and Michael H. Hughes, Office of Information & Privacy, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The above-captioned suit arises out of a Freedom of Information Act ("FOIA") request for the names and addresses of retiring and retired officers of the United States Army, Air Force, Navy and Marine Corps. Defendants maintained that they were entitled to withhold this information from plaintiff pursuant to FOIA Exemptions 2 (internal personnel rules and practices) and 6 (unwarranted invasion of personal privacy). 5 U.S.C. §§ 552(b)(2) and 552(b)(6).

The parties filed cross-motions for summary judgment. On July 12, 1989, the Court issued an Order granting the plaintiff's motion for summary judgment. 716 F.Supp. 662. The Court found that defendants were not properly withholding the

requested names and addresses pursuant to Exemption 2 because they were not related solely to an internal personnel rule or practice. In addition, the Court found that defendants were not entitled to withhold the names and addresses pursuant to Exemption 6 because the minimal privacy interest that the officers had in their names and addresses was outweighed by the public's interest in their disclosure, namely the benefits retired officers and their spouses would receive from plaintiff's lobbying efforts and other services.

Now before the Court is a motion by defendants for reconsideration of the Court's Opinion and Order directing the disclosure of the names and addresses plaintiff requested. In their motion for reconsideration, defendants bring to the Court's attention new case authority. With respect to their Exemption 2 claim, defendants direct the Court's attention to the recent decision in *Schwaner v. Department of Air Force*, 898 F.2d 793 (D.C.Cir. 1990). In *Schwaner*, the Court of Appeals for this Circuit held that names and addresses of members of the Air Force are not exempt from disclosure under FOIA Exemption 2 because they do not relate solely to agency rules or practices. A petition for rehearing is now pending in *Schwaner*. In addition, defendants bring to the Court's attention the case of *National Ass'n of Retired Federal Employees v. Horner* ("NARFE"), 879 F.2d 873 (D.C.Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990). In that case, the Court of Appeals for this Circuit held that the Office of Personnel and Management properly withheld the names and addresses of retired and disabled federal employees pursuant to Exemption 6.

■ Although the result in *Schwaner* lends support to the Court's decision with respect to Exemption 2, the outcome in *NARFE* requires the Court to reconsider its analysis with respect to Exemption 6. Exemption 6 permits an agency to withhold "personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In deter-

mining whether Exemption 6 pertains to particular information, the Court's task is "to balance the right of privacy of affected individuals against the right of the public to be informed; and the statutory language 'clearly unwarranted' instructs the court to tilt the balance in favor of disclosure." *Getman v. National Labor Relations Board*, 450 F.2d 670, 674 (D.C.Cir.1971).

■ When the Court examined the privacy interests that may be affected by the release of the requested names and addresses, the Court concluded that these privacy interests were *de minimis* because plaintiff represented that it would use the requested names and addresses solely for the purpose of mailing retired and retiring officers a letter accompanied by a brochure on the services that plaintiff provides to retired officers. The problem with the Court's conclusion is that it rests on the identity of the party making the FOIA request. The identity of the requesting party is an impermissible consideration because "information available to anyone is available to everyone." *NARFE*, 879 F.2d at 875. Although the purpose for which plaintiff seeks the requested information may be salutary, "one need only assume that business people will not overlook an opportunity to get cheaply from the Government what otherwise comes dearly, a list of qualified prospects for all the special goods, services, and causes likely to appeal to financially secure retirees." *Id.* at 878. The commercial solicitations that retired officers will receive as a result of the release of their names and addresses will result in more than a *de minimis* invasion of their personal privacy. *Id.* As such, the Court must balance the officers' interest in privacy against the public's interest in disclosure.

■ In evaluating the public's interest in disclosure, the Supreme Court has held that it is necessary to examine " 'the nature of the requested document and its relationship to the "basic purpose of [FOIA] to open agency action to the light of public scrutiny." ' " *United States Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 109

S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989) (quoting *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)). The purpose of the FOIA is in no way furthered by "the disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Reporters Committee*, 109 S.Ct. at 1481.

■ The only public interest claim in this case is the benefit that retired officers, their families, and Congress will receive from plaintiff's lobbying efforts and other services for retired officers and their spouses. Under *Reporters Committee*, "these considerations are not relevant; they involve not 'what the[ ] Government is up to,' but only what it might be up to if [plaintiff] had its druthers." *NARFE*, 879 F.2d at 879. Because the information plaintiff is seeking does not shed any light on what the Government is up to, there is no public interest in its disclosure. As such, the Court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." *NARFE*, 879 F.2d at 879.

Accordingly, it is, by the Court, this 14th day of May, 1990,

ORDERED that defendants' motion for reconsideration shall be, and hereby is, granted insofar as it pertains to Exemption 6, but denied insofar as it pertains to Exemption 2; and it is

FURTHER ORDERED that the portion of the Court's Order, filed on July 12, 1989, granting plaintiff summary judgment on defendants' Exemption 2 claim shall be, and hereby is, vacated; and it is

FURTHER ORDERED that defendants shall be, and hereby are, granted summary judgment on their Exemption 6 claim; and it is

FURTHER ORDERED that the above-captioned case stands dismissed from the dockets of this Court.