**PAINTING INDUSTRY OF HAWAII MARKET RECOVERY FUND, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the AIR FORCE, Defendant.**

**Civ. No. 89–00713 ACK.**

United States District Court, D. Hawaii.

July 31, 1990.

Michael A. Lilly, Green Ning Lilly & Jones, Honolulu, Hawaii, Pauline M. Sloan, San Francisco, Cal., for plaintiff.

Daniel Bent, Theodore G. Meeker, Honolulu, Hawaii, Elizabeth Pugh, David Shaneyfelt, Washington, D.C., for defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

KAY, District Judge.

**PROCEDURAL HISTORY**

Defendant United States Department of the Air Force, ("Air Force"), moved this

Court, pursuant to Rule 60(b)(6), Fed.R. Civ.P., to reconsider its Order of May 25, 1990, partially granting and partially denying cross-motions for summary judgment. 751 F.Supp. 1410. The underlying cause of action was Plaintiff's suit filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure by the Air Force of copies of certified payroll records of RG & B Contractors, Inc. ("RG & B"), a painting contractor on a military housing maintenance contract for the 15th Air Base Wing at Hickam Air Force Base, and for a declaratory judgment that contractor's payroll records are not exempt from disclosure. The military housing maintenance contract is subject to (i) the Davis–Bacon Act, 48 C.F.R. §§ 22.403–1, 22.403–2; (ii) Federal Acquisition Regulations, 48 C.F.R. §§ 22.000–22.407; and, (iii) the Copeland (Anti–Kickback) Act, 18 U.S.C. § 874 and 40 U.S.C. § 276c.

The contractor payroll records contain, *inter alia*, the names, addresses, phone numbers, and social security numbers of RG & B's employees, and also their work classification, hourly rates of pay, daily hours, fringe benefits, and such deductions as union dues.

The Air Force claimed exemption from disclosure under three statutory exemptions—Exemptions 4, 6, and 7(C). Plaintiff, on the other hand, claimed that the Air Force had failed to meet its burden of proving that the requested payroll records were nondisclosable pursuant to any statutory exemption and, accordingly, moved this Court to enjoin the Air Force from withholding the requested records. Both parties moved for summary judgment claiming that there existed no genuine issues of material fact and that they should prevail as a matter of law.

This Court denied the Air Force's motion for summary judgment as to all claimed exemptions. Plaintiff's motion, on the other hand, was partially granted and partially denied. As to Exemption 4, Plaintiff's motion for summary judgment was denied because there existed a genuine issue of material fact. As to Exemptions 6 and 7(C), summary judgment was granted in favor of the Plaintiff, with the exception that should Plaintiff ultimately prevail as to Exemption 4, any order issued by this Court enjoining the Air Force from withholding contractor payroll records would require the Air Force to edit from the requested payroll records the Social Security numbers of the subject contractor's employees.

The Air Force has presented a three-point argument in support of its motion for reconsideration: (i) one of the cases cited in support of the Court's opinion has been subsequently partially vacated, (ii) the Court "is under the belief that this case is a names and addresses case, not an employee wage information case," and (iii) the Court should have considered "what contractor payrolls would reveal about the conduct of the Air Force."

## DISCUSSION

■ It is now well established that in the Ninth Circuit a successful motion for reconsideration brought under Rule 60(b) must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the Court to reverse its prior decision. *Decker Coal Co. v. Hartman*, 706 F.Supp. 745, 750 (D.Mont. 1988), citing, *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D.Haw.1987), partially rev'd on other grounds, 855 F.2d 860 (9th Cir.1988); see also, *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Hawaii 1987), citing, *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

■ Courts have established three grounds justifying reconsideration: (i) an intervening change in controlling law, (ii) the availability of new evidence, and (iii) the need to correct clear error or prevent manifest injustice. *Decker Coal*, 706 F.Supp. at 750; *All Hawaii Tours*, 116 F.R.D. at 649; *Great Hawaiian Financial*

*Corp.*, 116 F.R.D. at 616; *Kern–Tulare Water Dist.*, 634 F.Supp. at 665; see also, Wright, Miller & Cooper, *Federal Practice and Procedure*, Law of the Case § 4478 at 790 (1981).

While the Air Force has failed to address these well-established criteria, its arguments may be construed as alleging grounds one and three, i.e., an intervening change in controlling law and the need to correct clear error. The Air Force has made no allegation of newly discovered evidence nor has it alleged manifest injustice.

*Intervening Change in Controlling Law*

One of the decisions cited by this Court in support of its May 25, 1990 Order partially granting and partially denying cross-motions for summary judgment, was the decision in *Retired Officers Ass'n v. Department of the Navy*, 716 F.Supp. 662 (D.D.C.1989), partially vacated, 744 F.Supp. 1 (D.D.C.1990) (*"Retired Officers"*). Upon a motion for reconsideration, the District Court for the District of Columbia subsequently partially vacated its decision in that case. The Air Force apparently contends that that partial vacatur constitutes an intervening change in controlling law requiring reversal of this Court's previous decision. This Court does not agree.

The decision in *Retired Officers* was cited in support of this Court's decision regarding Exemption 6 to the general requirement of disclosure under Title 5 U.S.C. § 552.

Title 5 U.S.C. § 552(b)(6) provides in relevant part:

This section does not apply to matters that are—

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Title 5 U.S.C. § 552(b)(6) (1976).

The Air Force argued in its previous motion for summary judgment that the requested payroll records are exempt from disclosure because they are personnel or "similar files," the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy."

This Court noted that an Exemption 6 inquiry requires a three step analysis consisting of (i) identification and evaluation of the specific privacy interest implicated, (ii) identification and evaluation of the specific public interest implicated, and (iii) balancing of these two interests. *Painting Industry of Hawaii v. U.S. Dept. of the Air Force*, 751 F.Supp. 1410, 1415–16 (D.Haw.1990), citing, *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 1476–80, 103 L.Ed.2d 774 (1989) (*"Reporters Committee"*).

This Court noted that one post-*Reporters Committee* decision, *National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873 (D.C.Cir.1989), cert. denied, ——— U.S. ———, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990), held that names and addresses of retired and disabled federal employees were nondisclosable under the FOIA's Exemption 6 because no public interest whatsoever had been demonstrated in favor of disclosure and only a modest personal privacy interest had been demonstrated against disclosure. The court concluded, therefore, that the balancing test tipped in favor of non-disclosure. The appellate court, nevertheless, recognized that disclosure of names and addresses presented only a modest privacy interest and that disclosure would be appropriate under some circumstances.[1] In the case before it, however, the court had been presented with no public interest to balance against the modest privacy interest:

We have been shown no public interest in, and a modest personal privacy interest against, disclosure of the names and addresses of individuals receiving federal employee retirement benefits. We need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time. *National*

---

1. "[T]he disclosure of names and addresses is not inherently and always a significant threat to the privacy of those listed; whether it is a significant or a *de minimis* threat depends upon the characteristic(s) revealed by virtue of being on the particular list, and the consequences likely to ensue." *National Ass'n of Retired Federal Employees*, 879 F.2d at 877.

Ass'n of Retired Federal Employees, 879 F.2d at 879.

This Court reasoned, therefore, that if the court in *National Ass'n of Retired Federal Employees* had been presented with more than a modest public interest, it would have decided in favor of disclosure of the names and addresses.

This Court also cited *Retired Officers,* a district court decision, which held that any minimal privacy interest that the retired officers might have had in their names and home addresses was outweighed by the public interest of disclosure to the Retired Officers Association. The district court stated that "[w]hen the relatively minor privacy interest at stake is balanced against the public interest in disclosure, the scale tilts in favor of disclosure." *Retired Officers,* 716 F.Supp. at 667.

This Court concluded that the Air Force had presented no evidence that disclosure of names and addresses of the employees of public works painting contractors involved any more than the modest privacy interests found in *Retired Officers* and *National Association of Retired Federal Employees.*

This Court then proceeded to consider the public interest in disclosure of the requested payroll records. Plaintiff posited, as a counterbalance to the Air Force's assertion of the privacy interests of painting contractors' employees in keeping their names, addresses, and social security numbers from disclosure, the public's interest in assuring compliance with Davis–Bacon.

The District Court of the District of Columbia, in an analogous factual situation, held that the strong public interest in assuring compliance with the Copeland Anti-Kickback and other prevailing wage laws tilted the balance in favor of disclosure of the names of eight employees listed on certified payroll reports submitted to the Department of Housing and Urban Development by a nonunion electrical contractor. *International Brotherhood of Electrical Workers, Local 41 v. U.S. Dept. of H. & U. Dev.,* 593 F.Supp. 542, 545 (D.C.C.1984), aff'd, 763 F.2d 435 (D.C.Cir.1985).[2]

This Court also noted that the Third Circuit has specifically upheld disclosure of payroll records containing, *inter alia,* the employee's names and home addresses when balanced against the public policy of ensuring compliance with the Davis–Bacon Act:

> On balance, we conclude that in light of the presumption in favor of disclosure, the release of the names and addresses of M & K's employees is not barred by Exemption 6. The public interest in ensuring compliance with the Davis–Bacon Act is strong and the privacy interest in the names and addresses are not particularly compelling ... thus the invasion of privacy is not clearly unwarranted. *I.B. E.W. Local 5,* 852 F.2d 87, 92 (3rd Cir. 1988).

This Court concluded, therefore, that the Air Force had failed to meet its burden of establishing that disclosure of names, addresses, and other less personal information contained in the requested payroll records constituted a clearly unwarranted invasion of personal privacy. On the contrary, it was apparent that disclosure of contractor payroll records not only serves a significant public interest in monitoring compliance with the Davis–Bacon Act, but when that public interest is balanced against the modest privacy interest inherent in one's name and address, the balance tips decidedly in favor of disclosure.

On the other hand, this Court held that disclosure of employees' social security numbers does invoke significant privacy concerns and that in the absence of any evidence that the social security numbers are necessary in order to accomplish the laudable goal of monitoring compliance with Davis–Bacon, that disclosure of social security numbers would constitute a clearly unwarranted invasion of personal privacy.

**2.** Although *I.B.E.W. Local 41,* as well as *I.B.E.W. Local U. No. 5 v. U.S. Dept. of HUD,* 852 F.2d 87 (3rd Cir.1988), are both pre-*Reporters Committee* cases, their analysis of the public interest involved in monitoring compliance with prevailing wage laws survives the Supreme Court's decision in *Reporter's Committee.*

■ The Air Force has mistakenly assumed that the foregoing analysis was dependant upon the decision in *Retired Officers* and as a result of such reliance that that court's partial vacatur of its decision constitutes an intervening change in controlling law. First, a decision by a district court in the District of Columbia is not controlling law for a district court in the Ninth Circuit. Therefore, if for no other reason, the Air Force's argument must fall.

Second, this Court placed neither sole nor primary reliance upon the decision in *Retired Officers*. Our analysis of the balance of privacy and public interests stands with or without the decision in that case.

Third, and perhaps most significantly, even if *Retired Officers* were controlling law, and even if this Court's analysis had placed primary reliance upon the decision in that case, the Air Force has misunderstood and overestimated the impact of that court's modification of its decision upon this Court's analysis of Exemption 6. The analysis in *Retired Officers* had a fatal flaw that was not shared by this Court's analysis in *Painting Industry*. The *Retired Officers* court inappropriately considered the identity of the party requesting disclosure of information when it balanced privacy and public interests. It has been firmly established by the Supreme Court of the United States that "the identity of the requesting party has no bearing on the merits of his or her FOIA request." *Reporters Committee*, 109 S.Ct. at 1480–81. The *Retired Officers* court considered only the limited intended uses of the requested information by the requesting party and failed to consider potential uses of that information by the public. After considering the full range of potential uses of the requested information against the absence of any cognizable averment of public interest, the court appropriately realized that it had inaccurately balanced the privacy and public interests and decided to grant the Department of the Navy's motion for reconsideration as to the applicability of Exemption 6.

But this Court did not cite *Retired Officers* for its inappropriate consideration of the identity of the requesting party. This Court cited that decision for its recognition of the minimal privacy interest inherent in one's name and address. Upon reconsideration, the *Retired Officers* court realized that when the full potential uses of the subject names and addresses were considered that the retired officers did in fact have "more than a de minimis" privacy interest. When that court balanced this newly perceived privacy interest against what it construed to be no public interest whatsoever in disclosure, the court properly concluded that "something, even a modest privacy interest, outweighs nothing every time." *Retired Officers*, 744 F.Supp. at 3.

■ But this is not the situation in *Painting Industry*. Unlike *Retired Officers*, our case does not involve a posited public interest that sheds no light whatsoever on the activities of a government agency. Our case involves a significant public interest in ensuring that the Air Force is complying with the requirements of the Davis–Bacon Act. It has been held and this Court agrees that "[t]he public interest in ensuring compliance with the Davis–Bacon Act is strong and the privacy interest in the names and addresses are not particularly compelling ... thus the invasion of privacy is not clearly unwarranted." *I.B.E.W. Local U. No. 5 v. U.S. Dept. of HUD*, 852 F.2d 87, 92 (3rd Cir.1988).

It follows that the Air Force has failed to demonstrate an intervening change in controlling law that would warrant granting its motion for reconsideration.

*Clear Error*

The Air Force has apparently alleged two instances of "clear error" requiring reversal of this Court's previous decision: (i) that the Court "is under the belief that this case is a names and addresses case, not an employee wage information case," and (ii) that the Court should have considered "what contractor payrolls would reveal about the conduct of the Air Force."

The Air Force's first allegation is difficult to understand in light of its foregoing argument that the partial vacatur of *Retired Officers*, which was a "names and

addresses" case, constituted an intervening change in controlling law. Nevertheless, neither in support of its initial motion for summary judgment nor in support of its instant motion for reconsideration has the Air Force presented authority for its proposition that disclosure of wage information constitutes a clearly unwarranted invasion of privacy when balanced against the goals of the Davis–Bacon Act.

The Air Force has provided this Court with a list of seven cases in support of its proposition that courts have recognized a privacy right in one's wage information. This Court does not dispute that proposition. But not one of the cases cited by the Air Force was a Davis–Bacon case. Disclosure of wage information is at the very heart of the Davis–Bacon Act. The Air Force now argues that it was a clear error of law for this Court to have decided in *Painting Industry* that the Air Force had failed to meet its burden of establishing that disclosure of wage information constitutes a clearly unwarranted invasion of privacy when balanced against the goals of the Davis–Bacon Act. This argument is completely without authority and therefore rejected.

Finally, the Air Force has argued in its instant motion that it was clear error of law for this Court not to have considered "what contractor payrolls would reveal about the conduct of the Air Force." The Air Force avers that contractor payrolls reveal no relevant information about the conduct of the Air Force.

The Air Force has apparently misunderstood the gravamen of this Court's Order of May 25, 1990 in *Painting Industry*. At the very core of our analysis was a balancing of privacy interests in all the information contained in the subject payroll records versus the public interest in disclosure of those records. The public interest in disclosure is to ensure that the Air Force is complying with its enforcement duties under Davis–Bacon. The very release of the certified payroll records constitutes monitoring of compliance with Davis–Bacon. The payroll records indicate whether the Air Force is complying with its manda-

tory regulatory duty to collect weekly, fully completed, certified payroll records indicating that all laborers and mechanics working on the site are paid the full amount of wages and fringe benefits required by the Davis–Bacon Act. 29 CFR Part 5.5(a)(1) & (3) (July 1, 1989). The contracting federal agency, the Air Force in the instant case, is the enforcement arm of the wage guarantees in the Davis–Bacon Act. 29 CFR Part 5.6 "Enforcement." Moreover, under Federal Acquisition Regulations, 48 C.F.R. §§ 22.000–22.408, the Air Force is "responsible for ensuring the full and impartial enforcement of labor standards in the administration of construction contracts." 48 C.F.R. § 22.406–1(a). It is incredulous that the Air Force would now argue that the subject payroll records reveal nothing about its duties, when in its motion for summary judgment and in its motion for reconsideration, the Air Force has strenuously argued that the payroll records are nondisclosable under Exemption 7 as records or information compiled for law enforcement purposes. If, by the Air Force's own admission, the payroll records were compiled for law enforcement purposes, then they surely reveal something about whether or not the Air Force is meeting its statutory duty to enforce Davis–Bacon.

Thus, contrary to the assertion by the Air Force, the payroll records do reveal relevant information about the conduct of the Air Force. The Supreme Court held that "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within" the statutory purpose of the FOIA. *Reporters Committee*, 109 S.Ct. at 1481.

It follows that the Air Force has failed to establish that it was clear error for this Court to have concluded in *Painting Industry* that disclosure of information in the requested payroll records sheds light on whether or not the Air Force is meeting its statutory duty to monitor compliance with Davis–Bacon by its public works contractors.

## CONCLUSION

This Court recognizes "the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Department of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). The FOIA was designed to create a broad right of access to official information. *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). Moreover, the Supreme Court has explicitly recognized the basic policy of "full agency disclosure unless information is exempted under clearly delineated statutory language." *Department of the Air Force v. Rose*, 425 U.S. at 360–61, 96 S.Ct. at 1598–99.

The Air Force has failed to set forth facts or law of a "strongly convincing" nature to induce this Court to reverse its prior decision concluding that the Air Force did not carry its statutory burden of establishing that the requested information is exempted from disclosure as either an "unwarranted" invasion of personal privacy under Exemption 7(C) or a "clearly unwarranted" invasion of personal privacy under Exemption 6.

In accordance with the foregoing, and in the interests of justice, this Court stands by its Order in *Painting Industry*. The Air Force's motion for reconsideration is DENIED.