## In re CYPRESS SEMICONDUCTOR SECURITIES LITIGATION.

**This Document Relates to All Actions.**

No. C–92–20048–RMW (PVT).

United States District Court, N.D. California.

Sept. 22, 1993.

Bruce G. Vanyo, Terry T. Johnson, Jerome F. Birn, Jr., Brent R. Austin, Jotham S. Stein, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for defendants.

Kevin J. Yourman, Law Offices of Joseph Weiss, Los Angeles, Reed Kathrein, Jeffrey F. Keller, Law Offices of David B. Gold, San Francisco, CA, for plaintiffs.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; DENYING MOTION TO STRIKE CERTAIN PARAGRAPHS; GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR CORRECTION

WHYTE, District Judge.

The motion of defendants Cypress Semiconductor Corporation ("Cypress"), Mark K. Allen, Ken Goldman, T.J. Rodgers, Marcel Gani, Thomas North and Lowell Turriff (collectively, "defendants") to dismiss plaintiffs' second amended complaint ("complaint") and to strike certain paragraphs, as well as plaintiffs' motion for correction and partial reconsideration, came on regularly for hearing on May 28, 1993. The court has received and considered all moving and responding papers and has heard the oral argument of counsel. Good cause appearing therefor, the court hereby orders as follows.

## I. BACKGROUND

This action arises as a result of plaintiffs' allegations that defendant Cypress Semiconductor Corporation ("Cypress"), along with six (6)[1] of its officers/directors, committed securities fraud by publicly reporting positive news about Cypress' business, while intentionally or recklessly concealing material information regarding internal problems surrounding Cypress' business that defendants knew would negatively impact Cypress and the value of its stock.

The individual defendants allegedly engaged in this deceptive course of conduct as a result of their relatively "low salaries" as officers/directors, creating a need on their behalf to inflate the price of Cypress stock in order to enable them to sell their stock and realize tremendous profits. The allegations

---

1. In their amended complaint, plaintiffs also added two new defendants, Mr. Turriff and Mr. North. Defendants contend that they should be dismissed since plaintiffs did not seek leave of court to add new parties to the action. In addition, Mr. North asserts that he should be dismissed because the only allegations against him involve sales which occurred after January 20, 1992. Although the court would have preferred that defendants sought permission to add new defendants, the court's prior order granted plaintiffs leave to amend their complaint and could be construed to include the addition of new parties, if warranted. Therefore, the court will not dismiss the two new defendants on the basis that they were added without leave of court.

contained in the complaint cover the period from August 19, 1991 through April 14, 1992.

On September 24, 1992, the court granted in part and denied in part defendants' motion to dismiss plaintiffs' complaint. Plaintiffs then filed an amended complaint, in which they add two (2) new defendants and provide more detailed allegations regarding scienter and other factors which the court found lacking in the first complaint. Plaintiffs' complaint also realleges the same class period, from August 19, 1991 through April 14, 1992, even though the court previously found that plaintiffs could not state claims for damages after January 20, 1992. Accordingly, plaintiffs have moved for reconsideration of that portion of the court's prior order. Defendants have again moved to dismiss the entire complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). They also oppose reconsideration of the court's prior order and seek to strike those paragraphs alleging claims for damages after January 20, 1992.

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration and Defendant's Motion to Strike

The court first addresses plaintiffs' motion for reconsideration, since certain allegations contained in the complaint will be stricken if the motion for reconsideration is denied. The Ninth Circuit has set forth three grounds upon which a motion for reconsideration may be based: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Painting Industry of Hawaii Market Recovery Fund v. United States Department of the Air Force*, 756 F.Supp. 452, 453 (D.Hawaii 1990).

In this instance, plaintiffs contend that the court's prior ruling "contains fundamental errors with regard to stock valuation by an efficient market, and fails to recognize that in an efficient market the full import of a disclosure is immediately absorbed and the stock price immediately adjusted." Essentially, plaintiffs take the position that a duty to mitigate cannot be imposed after a partial disclosure in an efficient market because such market is, by definition, self-mitigating.

In its previous order, the court found that plaintiffs lacked standing to assert claims based upon alleged fraud causing losses after January 20, 1992 since their complaint alleges that it was on that date that Cypress began to disclose its fraud to the market. Plaintiffs specifically contend that the "market reacted dramatically to Cypress' January 20, 1992 report and the price of Cypress' common stock dropped $3.75 per share to $14 per share, or 21% of its previous day's value, on trading volume of more than 3.2 million shares."

Plaintiffs contend that the fact that *some* fraud was disclosed on January 20, 1992 does not mean that plaintiffs had an obligation to mitigate their damages by selling their stock. The market had already adjusted the value of their stock as a result of the disclosure. Rather, plaintiffs contend that "learning some of the truth about the Company, even if it reveals certain 'but not all' negative aspects of that company, is not the equivalent of being informed that, in fact, the Company has been *defrauding* the market on issues more numerous than only those revealed on an earlier date."

The court basically agrees with plaintiffs' position. Since the market adjusted the value of plaintiffs' stock based upon the January 20, 1992 disclosure, plaintiffs could not mitigate their losses by selling.

Defendants argue that plaintiffs should not be able to recover damages after January 20, 1992 because they decided to continue to hold the stock of a company which they believed had defrauded them. In essence, defendants' argument is that since defendants had defrauded plaintiffs once, plaintiffs should have realized the risk of further fraud and loss of stock value. The court does not find this argument persuasive as it assumes plaintiffs have some knowledge of a continuing risk. The court does not believe that, as a matter of law, plaintiffs can be said to have had such knowledge. Therefore, plaintiffs did not necessarily have an obligation to sell their stock to mitigate damages.

The decision in *In Re Fortune Systems Securities Litigation*, 680 F.Supp. 1360, 1370 (N.D.Cal.1987) could be read to support defendants' argument. However, this court believes it is distinguishable. *Fortune* says a plaintiff is obligated to mitigate his damages when he has reason to know of the wrongdoing and the nature of the danger of holding the securities is apparent. Here, by the time plaintiffs knew of the alleged wrongdoing disclosed on January 20, 1992, it was too late to mitigate their damages by selling. The market immediately adjusted the value of their stock. Plaintiffs did not know, or have reason to know, that defendants would continue to defraud the market and thus that there was a danger of continuing to hold the securities. This appears to be different from *Fortune* where the court found that plaintiff knew of the wrongdoing and the continued risk of holding the stock.

In light of the above, the court reconsiders its decision to dismiss the plaintiffs' claims for losses incurred after January 20, 1992. The court will not dismiss those claims as it would be a manifest injustice to do so at this time. The motion to strike is, therefore, denied.

## B. Motion to Dismiss

### 1. Count I

#### (a) Scienter Requirement

Plaintiffs' first claim alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b–5 promulgated thereunder by making false statements and/or omitting essential facts regarding Cypress' business in order to artificially inflate the price of Cypress stock. In its previous order, the court found plaintiffs' allegations insufficient as a matter of law to establish scienter. The court also found that there was no "unusual insider trading" which would create an inference of scienter.

In their amended complaint, plaintiffs have provided greater detail regarding defendants' alleged knowledge of the "true" financial condition of Cypress. Although continuing to rely heavily on after-the-fact news articles disclosing various problems, the court finds that plaintiffs have now sufficiently averred

scienter to withstand defendants' motion to dismiss. *See*, generally, ¶¶ 15, 22, 28–36, 38–45, and 53.

### 2. Count II

Plaintiffs' second claim alleges that defendants engaged in insider trading by selling Cypress stock during the class period while in possession of material, non-public information. Defendants move to dismiss this claim on the basis that plaintiffs have again failed to allege that they purchased stock contemporaneously with the insider sales. Defendants' contention, however, is not persuasive with respect to plaintiff Rand.

Plaintiff Rand purchased stock on October 21, 1991, just five days after defendants Allen, Gani and Goldman sold Cypress shares. The court believes that a purchase within five days of an insider sale fulfills the contemporaneous requirement of § 20A. *See: Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1522 (N.D.Cal.1990); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 241 (2d Cir.1974). Accordingly, defendants' motion to dismiss Count II is hereby denied.

### C. Motion for Correction

Plaintiffs also request that the court correct its prior order which stated:

> With respect to plaintiffs' state law claims, plaintiffs acknowledge that there is no case authority supporting their position that they may rely upon a presumption of reliance in bringing these claims....

Plaintiffs contend that they did not make such an acknowledgement. Rather, plaintiffs simply stated that they acknowledged this court's dismissal, without prejudice of state law claims in *In re Sun Microsystems Securities Litigation*, C–89–20351 RMW, slip op., 1992 WL 226898 (N.D.Cal. July 10, 1992). Plaintiffs are correct and the court hereby grants plaintiffs' motion for correction and deletes such statement from its prior order. However, since that order the California Supreme Court has held that a cause of action for deceit in the sale of securities cannot incorporate the "fraud on the market" theory and its presumption of reliance, but must allege that the plaintiff actually relied on the

defendant's misrepresentations. *Mirkin v. Wasserman,* 5 Cal. 4th 1082, 23 Cal.Rptr.2d 101, 858 P.2d 568 (1993). Therefore, plaintiffs have no basis for attempting to revive their previously dismissed state claims.

## III. CONCLUSION

Based upon the foregoing, the court hereby grants plaintiffs' motion for reconsideration, denies defendants' motion to dismiss, denies defendants' motion to strike certain paragraphs, and grants plaintiffs' motion for correction.