593 F.Supp. 542 (1984)
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 41, et al., Plaintiffs,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.
Civ. A. No. 83-2997.
United States District Court, District of Columbia.
June 22, 1984.
Terry R. Yellig, Washington, D.C., for plaintiffs.
Thomas J. McIntyre, Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM
OBERDORFER, District Judge.
Plaintiffs, International Brotherhood of Electrical Workers Local 41, invoke the *543 Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain the names of eight employees listed on certified payroll reports submitted to the Department of Housing and Urban Development (HUD) by Knorz, Inc., a non-union electrical contractor in Buffalo, New York. The matter is before the Court on cross-motions for summary judgment.
HUD had guaranteed a loan to finance construction of the Touraine Apartments in Buffalo. The prime contractor engaged by the borrower/developer had subcontracted with Knorz, a non-union employer. Federal law[1] required the contractors to prepare and file with HUD, and HUD had a duty to monitor, reports of the wages and fringe benefits actually paid by Knorz to its employees.
Plaintiffs doubted whether Knorz was paying lawful wages and benefits on the Touraine Apartments project. In accordance with FOIA, they asked HUD's Buffalo office for
[c]opies of the certified payroll reports, blocking out the social security numbers of the contractors' employees, but showing names, employee classifications, rate of wages and fringe benefits which were paid to the employees.
Affidavit of James F. Gleason, Jr., dated February 29, 1984 (Exhibit A) (hereinafter "Gleason Affidavit"). The request stated that the plaintiffs' union sought the information to protect the wages and fringe benefits which its members presently receive in the Buffalo area from unlawful competition  that is, from non-union wages less than the prevailing wage prescribed by law for work on federally financed contracts.
HUD responded to the request by forwarding copies of the certified payroll records from which the employees' names, social security numbers, and income tax information were deleted. HUD justified these deletions on the ground that "disclosure would constitute clearly unwarranted and unreasonable invasion of personal privacy."[2] Thereafter, HUD's Deputy General Counsel affirmed this denial on the authority of FOIA, Exemption 6, 5 U.S.C. § 552(b)(6). It was the opinion of the Deputy General Counsel that the union was not entitled to any greater rights than a disinterested member of the general public simply because the union wanted the information to monitor compliance with the law. He also determined that the public interest militated against release. Plaintiffs filed suit challenging these determinations on October 11, 1983.[3] A hearing on cross-motions for summary judgment was held on May 11, 1984, at which time it became apparent that the only further information plaintiffs sought was the names of eight electricians who worked for Knorz, Inc. on the Touraine Apartments project. Memorandum in Support of Defendants' Motion for Summary Judgment at 5.
In their pleadings and at the hearing, defendants contended that disclosure of the employees' names would embarrass and injure them in two ways. First, it would reveal each individual's non-union status to the unions and their members in a community where union feeling is strong and labor relations are strained. Defendants assert that disclosure under such circumstances could expose non-union employees to harassment by the union or to unwanted organizing blandishments. Second, defendants argue that disclosure of employees' names would enable plaintiffs, by referring to information already disclosed, to identify the particular wages and benefits each employee received on the Touraine Apartments *544 project. Defendants argue that because a person's financial affairs are intimate details of a person's life, such disclosure would be inappropriate. Plaintiffs vigorously disputed both of these assertions and, for reasons explained below, have the better of the argument.
The dominant objective of FOIA is disclosure, and FOIA exemptions are accordingly construed narrowly. Department of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). FOIA exemption 6, here invoked by HUD, applies only to
personnel and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.
5 U.S.C. § 552(b)(6). To decide whether this exemption precludes disclosure of names of non-union workers on a federally funded construction project, the Court must make a de novo determination of (1) whether the information sought is in a personnel file or medical record and, if so, (2) whether release of it would be a "clearly unwarranted invasion of personal privacy." Even assuming these criteria are met, the agency must still disclose the information unless it can show that the public interest in disclosure does not outweigh the substantial interest in personal privacy. See Getman v. N.L.R.B., 450 F.2d 670, 674-677 (D.C.Cir.1971).
Plaintiffs here concede that the information they seek is derived from personnel files. They dispute, however, HUD's contention that disclosure would cause an unwarranted invasion of personal privacy which is not outweighed by the public interest in disclosure.
One of defendants' justifications for nondisclosure  that disclosure of employees' names will enable plaintiffs to figure out how much each individual has earned on the Touraine Apartments project  fails to meet the "clearly unwarranted invasion of personal privacy" criterion of Exemption 6 analysis. The disclosure of how much an employee of an electrical contractor earned from a particular federally guaranteed construction project hardly constitutes the sort of embarrassing revelation intended to be protected by Exemption 6. The annual salary of every federal employee is a matter of public record. Here, plaintiffs will learn only what a particular employee earned on a particular federally guaranteed project, not the employee's total income from all sources or projects. Employees of an electrical contractor working on a construction job are likely to work on several jobs in a relatively short period of time. Disclosure of wages from a particular job would not disclose or give the key to a disclosure of a person's entire income to the extent that the disclosure would be embarrassing. Compare Washington Post v. Department of Health and Human Services, 690 F.2d 252 (D.C.Cir.1982) (Exemption 6 does not preclude disclosure of a federal consultant's statement in which he reveals all federal and nonfederal employment and all organizations in which he or his family had an interest).
If there is any colorable invasion of privacy in this case, it lies in the disclosure not of these employees' salaries, but rather in the disclosure to a union of names of persons working at the site who are not members of a union. At issue is whether a person who elects to work for a contractor on a federally financed project has an interest in keeping his identity secret that outweighs the public interest in disclosure. The burden is on the defendants to establish the supremacy of the privacy interest. Sims v. C.I.A., 642 F.2d 562, 573 (D.C.Cir. 1980). Although the issue is not free from doubt, defendants have failed to persuade the Court that any private interest outweighs the public's.
As a general rule, it is plausible to believe that non-union employees of contractors working on federally guaranteed projects might have a greater interest in keeping their identities secret than others. Harassment of non-union workers by members of unions has occurred in some places at some times and may occur again. But nothing other than speculation on the part of defendants indicates that harassment *545 might occur if there is disclosure in this case. There has been no violence at the Touraine Apartments site, and nothing more than lawful, sporadic informational picketing is alleged to have taken place. The plaintiffs here have expressly denied any intent to use the information they receive to threaten, coerce, or harass Knorz employees. See Supplemental Affidavit of James F. Gleason, Jr. Rather, they claim only to want to make sure that anti-kickback and prevailing wage laws are enforced in Buffalo, New York.
The strong public interest in assuring compliance with the law tilts the balance in favor of disclosure. Uncontroverted affidavits in the record establish that union officials were alerted to the possibility that the Touraine Apartments contract was profitable only because contractors there used non-union labor and paid their employees less than the lawful prevailing wage. The fact that the Department of Labor may have investigated these allegations in no way minimizes the valid public interest in independent verification by the union that the law has been observed. See Washington Post Co. v. Department of Health and Human Services, supra, 690 F.2d at 264 ("the purpose of FOIA is to permit the public to decide for itself whether government action is proper"). More relevant than any Labor Department investigation is the long history of involvement by the local union and its national affiliate in both enforcement of the Copeland Anti-Kickback and prevailing wage laws and, in the case of the national, the original enactment of those laws. Plaintiffs show the natural, economic interest of the union and its members in strong enforcement of these laws. They persuasively argue that their interest parallels and serves the public interest as defined by Congress when it passed the very laws that plaintiffs would enforce with the aid of the information which they seek here. Finally, plaintiffs urge that the efficient way to monitor the payroll reports is to inquire of the individual employee whether he received what was reported.
Any embarrassment or discomfort associated with such a limited inquiry is outweighed by the public interest in enforcement of the law. As our Court of Appeals has recently noted,
Exemption 6 was developed to protect intimate details of personal and family life, not business judgments and relationships. Surely it was not intended to shield matters of such clear public concern as the names of those entering into contract with the federal government.
Sims v. C.I.A., supra, 642 F.2d at 575. Here plaintiffs seek only the names of those who work for a federal contractor in circumstances where disclosure will at most cause mild embarrassment and might in fact result in additional income for the employees involved if irregularities are uncovered.
Under these circumstances, the public interest in disclosure outweighs any personal privacy interest, and disclosure is not "clearly unwarranted."[4] Accordingly, an accompanying order grants plaintiffs' motion for summary judgment and denies the cross-motion filed by defendants.
NOTES
[1] The Copeland Anti-Kickback Act, 40 U.S.C. § 276c (1976), requires periodical reports. In addition, reporting is required by statutory provisions that parallel the terms of the Davis-Bacon Act, 40 U.S.C. § 276a et seq. (1976). See 12 U.S.C. § 1715c; 42 U.S.C. § 1437j (1976).
[2] Gleason Affidavit (Exhibit B).
[3] Plaintiffs named both the Department of Housing and Urban Development (HUD) and three HUD officials as defendants. Only the agency is a proper defendant in a FOIA action, however, Canadian Javelin, Ltd. v. S.E.C., 501 F.Supp. 898 (D.D.C.1980). Claims against the individual defendants are accordingly dismissed in the accompanying order.
[4] This is not to say that names of non-union employees on Copeland Act forms submitted to HUD are per se subject to disclosure under FOIA. It may be that in a subsequent case in which the employees' legitimate fear of harassment arises from identifiable threats or unlawful acts, rather than from speculation or from legally protected union activities, the personal privacy interest will sufficiently outweigh the public interest and thereby overcome the statutory presumption in favor of disclosure. See Getman v. N.L.R.B., supra, 450 F.2d at 674 n. 10 (exercise of equitable discretion in FOIA cases limited to Exemption 6).